IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MAURA OWENS | : | |
|       Plaintiff, | : | |
| vs. | : | CIVIL ACTION NO.: |
| | : | |
| THE MERION CRICKET CLUB | : | JURY TRIAL DEMANDED |
|       Defendant. | : | |

**COMPLAINT**

**I.  PRELIMINARY STATEMENT**

1. This is an action for an award of damages, declaratory and injunctive relief, attorney's fees, and other relief on behalf of Plaintiff, Maura Owens ("Plaintiff"), a former employee of the Merion Cricket Club ("Defendant") who has been harmed by Defendant's unlawful employment practices.

2. Plaintiff alleges that prior to and continuing through July 26, 2021, Defendant, through its agent, servants and employees, subjected Plaintiff to discrimination and a hostile work environment with a pattern of retaliatory conduct through various instances of sexual harassment, including *quid pro quo* sexual harassment, thereby adversely affecting the terms and conditions of her employment.

3. This action is brought under the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §951 *et seq.*, and the Title VII Civil Rights Act of 1964, 42 U.S.C. §2000(e), *et seq.*, as amended by the Civil Rights Act of 1991 at 42 U.S.C. §1981(a) ("Title VII").

**II.  JURISDICTION AND VENUE**

4. The original jurisdiction of this Court is invoked, and venue is proper in this district, pursuant to Title 28 U.S.C. §§1331 and 1391, as Plaintiff's claims are substantively based in Title VII.

5. Venue is properly laid in this District pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), because Defendant resides in and/or conducts business in this judicial district.

6. The supplemental jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. § 1367, to consider Plaintiff's claims arising under the PHRA.

7. All conditions precedent to the institution of this suit have been fulfilled. Specifically, Plaintiff filed a timely Charge (No: 533-2021-01902) with the Equal Employment Opportunity Commission ("EEOC"), on or about August 18, 2021, and the Pennsylvania Human Relations Act ("PHRA") within three hundred days of Defendant's discriminatory and retaliatory conduct.  The EEOC issued a Right to Sue on or about April 19, 2023. This action is filed within ninety (90) days of the Right to Sue.

**III.   PARTIES**

8. Plaintiff, Maura Owens, is a female individual residing in the Commonwealth of Pennsylvania with a place of address located at 625 E. Lancaster Ave, Wynnewood, PA 19096.

9. Defendant, The Merion Cricket Club, is a Pennsylvania Non-Profit operating several bars/restaurants within a private clubhouse located at 325 Montgomery Ave., Haverford, PA 19041.

10. At all times material and relevant hereto, Defendant acted by and through their agents, employees, and/or servants who acted within the scope of their authority, course of employment, and under the direct control of the Defendant.

11. At all times material and relevant hereto, Defendants acted as a "person" and "employer" under Title VII and the PHRA, and is accordingly subject to the provisions of each said Act and/or law.

## STATEMENT OF FACTS

12. Plaintiff, a female individual, began her employment with Defendant on or around May 10, 2018. Defendant most recently employed Plaintiff as a Server.

13. During the course of Plaintiff's employment with Defendant, at all times material and relevant, she maintained a satisfactory job performance record.

14. Soon after Plaintiff began her employment through and until July of 2021, Defendant, by and through its agents, servants and employees, subjected the Plaintiff to a hostile work environment through a pattern of severe and/or pervasive sexually harassing conduct based upon sex or gender which interfered with the performance of her job functions. Defendant also subjected Plaintiff to a retaliatory hostile work environment for reasons including but not limited to its ongoing failure and/or refusal to address the sexual harassment and retaliatory harassment after Plaintiff refused the harasser's advances and reported his conduct. In addition, Plaintiff was subject to *quid pro quo* sexual harassment.

15. In or around June 2019, Assistant Food and Beverage Manager, Kyle Ross ("Ross"), expressed romantic interest in Plaintiff immediately after becoming her direct supervisor. Ross told Plaintiff that he had always been physically attracted to her.

16. Ross made recurring sexual advances towards Plaintiff. Plaintiff repeatedly refused all sexual advances made by Ross.

17. After persistent and unwanted sexual harassment, Plaintiff was made aware that Ross was romantically involved with another female supervisory employee, Kayla McCallum ("McCallum").

18. Ross continued to harass Plaintiff, despite his relationship status.

19. Frequently, Ross told Plaintiff that he was sexually aroused when in her presence. On one occasion, he stated to Plaintiff that he had an erection. On another, Ross attempted to grope Plaintiff's breasts through her shirt and Plaintiff was forced to physically push his hand away to stop his advances. At another time, Ross whispered in Plaintiff's ear and stroked Plaintiff's back when in close proximity to McCallum. Plaintiff refused Ross' advances by pulling away from him and reminding him of his girlfriend's presence.

20. When Plaintiff did not reciprocate Ross' harassing sexual advancements, Plaintiff began experiencing retaliation and harassment from both McCallum and Ross, which continued up through her unlawful termination and/or constructive discharge in July 2021.

21. Ross became verbally abusive towards Plaintiff, causing her to cry on multiple occasions. Plaintiff was so distraught by Ross' verbal abuse, that after one of Ross' numerous verbally abusive episodes, Plaintiff ran to the front desk and cried to another employee, Mary White, about Ross' unfair treatment.

22. Afterwards, Ross pulled Plaintiff aside for a discussion and asked her why she "hated him" and "made his life difficult." Another supervisor, Delroy Smith ("Smith"), was supposed to be present for the discussion, but was told by Ross that his presence was not necessary.

23. The one-on-one discussion with Ross made Plaintiff extremely uncomfortable due to his constant sexual harassment.

24. Ross even went as far as to scream at Plaintiff that she was disrespectful and that if she did not treat him "like a manager" he would write her up and/or suspend her. This statement was made in the presence of a Member. Ross' threats of write-ups and/or suspensions constituted *quid pro quo* harassment.

4

25. Plaintiff learned that her refusal of Ross' recurring sexual advances only increased hostile behavior from Ross.

26. After enduring Ross' harassment for nearly two (2) years, Plaintiff and another female employee, Emily Lehman ("Lehman"), arranged to meet with Assistant General Manager, Nick Pitt ("Pitt") regarding Ross' harassing conduct.

27. During the meeting on or about July 20, 2021, Plaintiff detailed her harassment, including her previous reports to other employees.

28. At the conclusion of the meeting, Pitt merely stated that they would have a follow-up meeting one week later on July 26, 2021.

29. Pitt did not take any steps to separate Plaintiff or Lehman from Ross. Pitt did not assign Plaintiff or Lehman to a different supervisor.

30. Pitt did not take any remedial measures with respect to the report, nor did he inform Plaintiff or Lehman that he intended to formally investigate the ongoing harassment.

31. During the subsequent meeting, on or about July 26, 2021, Pitt told Plaintiff that he would not take any remedial measures related to her reports. Pitt stated that Ross had not harassed her, specifically claiming that "it isn't harassment if he likes you."

32. At that time, Plaintiff felt unable to return to the unsafe and unprotected workplace.

33. Upon information and belief, Defendant exercised no reasonable care to avoid sexual harassment by Supervisor, Kyle Ross.

34. Upon information and belief, Defendant exercised no reasonable care to eliminate harassment when it occurred.

35. Upon information and belief, Defendant provided insufficient safeguards that Plaintiff could utilize to avoid and/or prevent harm from such harassing conduct.

36. Upon information and belief, Plaintiff's protected activity triggered misconduct directed at her that rose to a level of hostility that would motivate a reasonable person not to speak out about a violation.

37. Upon information and belief, Defendant created and fostered a work environment so intolerable that a reasonable employee, such as Plaintiff, had no option but to leave her employment.

38. Other female employees also resigned as a result of the extreme and outrageous conduct which occurred on the premises.

39. Plaintiff believes and avers that the actions of Defendant in subjecting Plaintiff to sexual harassment and a hostile work environment with a pattern of retaliatory conduct, constituted a violation of the Pennsylvania Human Relations Act and Title VII of the Civil Rights Act of 1964 and 1991, as amended.

**Count I**
**Title VII Sex (Female) Discrimination (Discrimination/Sexual Harassment)**
*Owens v. The Merion Cricket Club*

40. Plaintiff hereby incorporates by reference the foregoing paragraphs of her Complaint as though fully set forth herein.

41. The actions of Defendant, through their agents, servants, and employees, as aforesaid were discriminatory in nature and motivated by reason of Plaintiff's sex or gender (Female) in violation of Title VII.

42. The actions of Defendant, through their agents, servants, and employees, in subjecting Plaintiff to discrimination in the form of sexual harassment and retaliation on her

6

terms, conditions, and privileges of employment on the basis of her sex or gender (female) constitute a violation of Title VII.

43. Plaintiff experienced severe, recurring, and pervasive harassment because of her sex or gender (female) which created a work environment that a reasonable person would consider hostile and/or abusive.

44. Plaintiff repeatedly refused Ross' unwelcome sexual advances, and as a result she was subject to constant threats of suspension and write-ups.

45. Despite Plaintiff reporting the harassment to and through the proper superiors and procedures, Defendant failed to take any reasonable steps towards a remedy or to prevent Plaintiff from further harassment.

46. Plaintiff was not separated from Ross nor was she assigned a different superior.

47. For the reasons stated above, The Merion Cricket Club is liable for Kyle Ross' unlawful employment practices as his employer under the doctrine of *respondeat superior*.

48. Through a constant pattern of disparate treatment based on Plaintiff's sex or gender (Female) as evidenced by the verbal and physical harassment and/or abuse throughout Plaintiff's employment, Defendant engaged in discriminatory and retaliatory employment conduct up to and including the unlawful termination/constructive discharge of Plaintiff.

49. Through a constant pattern of disparate treatment based on Plaintiff's sex or gender (Female) as evidenced by the verbal and physical harassment and/or abuse throughout Plaintiff's employment, Defendant's distasteful conduct caused Plaintiff to experience a hostile work environment and retaliatory employment conduct, interfering with her ability to perform her job and altering the terms and conditions of her employment up to and including her unlawful termination and/or constructive discharge.

50. As a direct result of the unlawful and willful discriminatory and retaliatory employment practices engaged in by Defendant in violation of Title VII, Plaintiff has sustained permanent and irreparable harm, as well as substantial and severe emotional distress, embarrassment and humiliation.

51. As a further direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendant in violation of Title VII, Plaintiff has sustained a loss of earnings and benefits, plus the loss of future earning power, plus back pay, and interest due thereupon.

## Count II
### PHRA Sex (Female) (Discrimination/Sexual Harassment)
*Owens v. The Merion Cricket Club*

52. Plaintiff hereby incorporates by reference the foregoing paragraphs of her Complaint as though fully set forth herein.

53. The actions of Defendant, through their agents, servants, and employees, as aforesaid, were discriminatory in nature and motivated by reason of Plaintiff's sex or gender (Female) in violation of the PHRA.

54. The actions of Defendant, through their agents, servants, and employees, in subjecting Plaintiff to discrimination in the form of sexual harassment and retaliation on her terms, conditions, and privileges of employment on the basis of sex or gender (Female) constitute a violation of the PHRA.

55. Plaintiff experienced severe, recurring, and pervasive harassment because of her sex or gender (female) which created a work environment that a reasonable person would consider hostile and/or abusive.

56. Plaintiff repeatedly refused Ross' unwelcome sexual advances, and as a result she was subject to constant threats of suspension and write-ups.

57. Despite Plaintiff reporting the harassment to and through the proper superiors and procedures, Defendant failed to take any reasonable steps towards a remedy or to prevent Plaintiff from further harassment.

58. Plaintiff was not separated from Ross nor was she assigned a different superior.

59. For the reasons stated above, The Merion Cricket Club is liable for Kyle Ross' unlawful employment practices as his employer under the doctrine of *respondeat superior*.

60. Through a constant pattern of disparate treatment based on Plaintiff's sex or gender (Female) as evidenced by the verbal and physical harassment and/or abuse throughout Plaintiff's employment, Defendant engaged in discriminatory and retaliatory employment conduct.

61. Through a constant pattern of disparate treatment based on Plaintiff's sex or gender (Female) as evidenced by the verbal and physical harassment and/or abuse throughout Plaintiff's employment, Defendant's distasteful conduct caused Plaintiff to experience a hostile work environment and retaliatory employment conduct, interfering with her ability to perform her job and altering the terms and conditions of her employment up to and including her unlawful termination and/or constructive discharge.

62. As a direct result of the unlawful and willful discriminatory and retaliatory employment practices engaged in by Defendant in violation of the PHRA, Plaintiff has sustained permanent and irreparable harm, as well as substantial and severe emotional distress, embarrassment and humiliation.

63. As a further direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendant in violation of the PHRA, Plaintiff has sustained a loss of earnings and benefits, plus the loss of future earning power, plus back pay, and interest due thereupon.

## Count III
### Title VII Sex (Female) Discrimination (Hostile Work Environment/ Retaliatory Hostile Work Environment)
*Owens v. The Merion Cricket Club*

64. Plaintiff hereby incorporates by reference the foregoing paragraphs of her Complaint as though fully set forth herein.

65. The actions of Defendant, through their agents, servants, and employees, as aforesaid were discriminatory in nature and motivated by reason of Plaintiff's sex or gender (Female) in violation of Title VII.

66. The actions of Defendant, through their agents, servants, and employees, in subjecting Plaintiff to discrimination and retaliation on the terms, conditions, and privileges of employment on the basis of sex or gender (Female) constitute a violation of Title VII.

67. The actions of Defendant, through their agents, servants, and employees, subjected Plaintiff to a hostile work environment with a pattern of retaliation that was severe, recurring, pervasive, and interfered with Plaintiff's ability to perform her job.

68. After refusing Ross' unwanted sexual advances repeatedly, Ross would verbally and physically harass and/or abuse Plaintiff, privately and publicly, to the point of causing emotional distress.

69. Despite Plaintiff reporting the harassment to and through the proper superiors and procedures, Defendant failed to take any reasonable steps towards a remedy or to prevent Plaintiff from further harassment.

70. Plaintiff was not separated from Ross nor was she assigned a different superior.

71. Through a constant pattern of disparate treatment based on Plaintiff's sex or gender (Female) as evidenced by the verbal and physical harassment and/or abuse throughout Plaintiff's employment, Defendant engaged in discriminatory and retaliatory employment conduct.

72. Through a constant pattern of disparate treatment based on Plaintiff's sex or gender (Female) as evidenced by the verbal and physical harassment and/or abuse throughout Plaintiff's employment, Defendant's distasteful conduct caused Plaintiff to experience a hostile work environment and retaliatory employment conduct, interfering with her ability to perform her job and altering the terms and conditions of her employment.

73. As a direct result of the unlawful and willful discriminatory and retaliatory employment practices engaged in by Defendant in violation of Title VII, Plaintiff has sustained permanent and irreparable harm, as well as substantial and severe emotional distress, embarrassment and humiliation.

74. As a further direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendant in violation of Title VII, Plaintiff has sustained a loss of earnings and benefits, plus the loss of future earning power, plus back pay, and interest due thereupon.

**Count IV**
**PHRA Sex (Female) Discrimination (Hostile Work Environment/**
**Retaliatory Hostile Work Environment)**
*Owens v. The Merion Cricket Club*

75. Plaintiff hereby incorporates by reference the foregoing paragraphs of her Complaint as though fully set forth herein.

76. The actions of Defendant, through their agents, servants, and employees, as aforesaid were discriminatory in nature and motivated by reason of Plaintiff's sex or gender (Female) in violation of the PHRA.

77. The actions of Defendant, through their agents, servants, and employees, in subjecting Plaintiff to discrimination and retaliation on the terms, conditions, and privileges of employment on the basis of sex or gender (Female) constitute a violation of the PHRA.

78. The actions of Defendant, through their agents, servants, and employees, subjected Plaintiff to a hostile work environment with a pattern of retaliation that was severe, recurring, pervasive, and interfered with Plaintiff's ability to perform her job.

79. After refusing Ross' unwanted sexual advances repeatedly, Ross would verbally and physically harass and/or abuse Plaintiff, privately and publicly, to the point of causing emotional distress.

80. Despite Plaintiff reporting the harassment to and through the proper superiors and procedures, Defendant failed to take any reasonable steps towards a remedy or to prevent Plaintiff from further harassment.

81. Plaintiff was not separated from Ross nor was she assigned a different superior.

82. Through a constant pattern of disparate treatment based on Plaintiff's sex or gender (Female) as evidenced by the verbal and physical harassment and/or abuse throughout

Plaintiff's employment, Defendant engaged in discriminatory and retaliatory employment conduct.

83. Through a constant pattern of disparate treatment based on Plaintiff's sex or gender (Female) as evidenced by the verbal and physical harassment and/or abuse throughout Plaintiff's employment, Defendant's distasteful conduct caused Plaintiff to experience a hostile work environment and retaliatory employment conduct, interfering with her ability to perform her job and altering the terms and conditions of her employment.

84. As a direct result of the unlawful and willful discriminatory and retaliatory employment practices engaged in by Defendant in violation of the PHRA, Plaintiff has sustained permanent and irreparable harm, as well as substantial and severe emotional distress, embarrassment and humiliation.

85. As a further direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendant in violation of the PHRA, Plaintiff has sustained a loss of earnings and benefits, plus the loss of future earning power, plus back pay, and interest due thereupon.

**Count V**
**Title VII and PHRA**
*Retaliation/Pattern of Antagonism*
*Owens v. The Merion Cricket Club*

86. Plaintiff hereby incorporates by reference the foregoing paragraphs of her Complaint as though fully set forth herein.

87. The actions of Defendant, through its agents, servants, and employees, in subjecting Plaintiff to retaliation following her engagement in protected activity constitutes a violation of Title VII and the PHRA.

88. Plaintiff engaged in protected activity. Plaintiff made several complaints about discriminatory conduct in the workplace and direct discrimination based on her gender/harassment.

89. Plaintiff additionally reported the ongoing pattern and practice of sexual harassment, failure to address, and retaliatory hostile work environment that happened to her and to other female employees.

90. Upon being informed of Plaintiff's good faith reports of discriminatory harassment, Defendants, through its agents and employees, engaged in a pattern of antagonism and/or took retaliatory action against Plaintiff.

91. Plaintiff experienced antagonistic harassment and/or retaliation in relation to engaging in protected activity.

92. The aforesaid actions of Defendants were willful, wanton, reckless, and/or in bad faith and in reckless disregard of the Plaintiff's rights.

93. As a direct result of the aforesaid unlawful and willful retaliatory employment practices engaged in by the Defendants in violation of Title VII and the PHRA, Plaintiff has sustained permanent and irreparable harm.

94. As a further direct result of the aforesaid unlawful retaliatory employment practices engaged in by Defendants in violation of Title VII and the PHRA, Plaintiff suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests that this Court enter judgment in her favor against the Defendant, and order that:

a.  Defendant reinstate Plaintiff in her former employment position (all Counts);

b.  Defendant compensates Plaintiff with a rate of pay and other benefits and emoluments of employment, to which she would have been entitled, had she not been subjected to unlawful discrimination (all Counts);

c.  Defendants compensate Plaintiff with an award of back pay (all Counts);

d.  Defendant compensate Plaintiff with an award of front pay, if appropriate (all Counts);

e.  Defendant pay Plaintiff punitive damages, compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses as allowable (all Counts);

f.  Defendant pays to Plaintiff pre- and post-judgment interests, costs of suit, and attorney fees as allowed by law (all Counts); and

g.  The Court award other such relief as is deemed just and proper.

## IV.  JURY DEMAND

Plaintiff demands a trial by jury.

**HENNESSY LAW**

s/ Kay Hennessy Seven

_____
KAY HENNESSY-SEVEN, ESQUIRE
I.D. NO.: 77262
Hennessy Law
101 Lindenwood Drive, Suite 225
Malvern, PA 19355
Phone: 484-875-3111
Fax:  1-484-713-5185
Kay@Hennessylawfirm.com

**VERIFICATION**

I, Maura Owens, hereby verify under penalty of perjury that the foregoing is true and correct.

Date:   7/6/2023

**ID 5HZBjs8bfCa4VsikPPzByFnN**

_____

Maura Owens

1

## eSignature Details

**Signer ID:** **5HZBjs8bfCa4VsikPPzByFnN**
Signed by: Maura C Owens
Sent to email: maura.owens98@gmail.com
IP Address: 174.198.15.135
Signed at: Jul 6 2023, 6:00 pm EDT